UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DR. GERALD FINKEL, as Chairman of
the Joint Industry Board of the Electrical
Industry,

                        Plaintiff,

      -against-

DETORE ELECTRICAL CONSTRUCTION
CO., INC. and MATTHEW DETORE.
                        Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

11-CV-0814 (ENV)(RER)

**VITALIANO, D.J.**

      Dr. Gerald Finkel, Chairman of the Joint Industry Board of the Electrical Industry ("Plaintiff"), alleges that Detore Electrical Construction Co., Inc. (the "Company") and its principal, Matthew Detore ("Detore") (collectively, "Defendants"), violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, et seq., and the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 141, et. seq., by neglecting to make obligatory contributions to various employee funds pursuant to two successive collective bargaining agreements ("CBAs"). After defendants failed to appear or otherwise respond to the complaint, plaintiff moved for default judgment. The Court granted the motion with referral to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation on damages. Judge Reyes's Report and Recommendation (the "R&R") issued on March 6, 2012.

      In reviewing a Report and Recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). But, where

no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's Report and Recommendation. Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

No objections have been filed. After careful review of the record, the Court finds the R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court. Judgment shall enter against the Company and Detore, jointly and severally, in the amount of $123,062.71 and $4.70 per diem interest to run from July 6, 2011 until date of entry of judgment, broken down as follows:

1) $38,579.15 under a stipulation balance;
2) $48,371.52 in unpaid required contributions;
3) $2,854.77 in interest;
4) $20,820.17 in liquidated damages;
5) $11,432.50 in attorney's fees; and
6) $1,004.60 in costs.

Furthermore, judgment shall enter against the Company only in an additional amount of $6,406.30 and $0.57 per diem interest from July 6, 2011 until date of entry of final judgment, broken down as follows:

1) $5,187.00 in unpaid contributions;
2) $1,037.40 in liquidated damages; and
3) $181.90 in interest.

The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
March 28, 2012

s/ ENV

ERIC N. VITALIANO
United States District Judge